**Robert S. COOPER, Jr.**

v.

**DEPARTMENT OF the NAVY OF the UNITED STATES.**

**Civ. A. No. 75–69.**

United States District Court,
M. D. Louisiana.

June 19, 1975.

Edward P. Sutherland, Cooper & Cooper, Baton Rouge, La., for plaintiff.

Irving Jaffe, Acting Asst. Atty. Gen., Washington, D. C., Douglas M. Gonzales, U. S. Atty., Robert S. Leake, Asst. U. S. Atty., M.D.La., Baton Rouge, La., Harland F. Leathers, Jeffrey F. Axelrad, Vincent B. Terlep, Jr., Attys., Dept. of Justice, Washington, D. C., for defendant; Donald G. Smith, Office of the Judge Advocate Gen., Dept. of the Navy, Washington, D. C., of counsel.

E. GORDON WEST, District Judge:

This suit involves a demand by an attorney against the Department of the Navy for the production of certain documents in the possession of and under the control of the Department of the Navy. The attorney, who is the plaintiff in this action, has been retained by some third party to investigate the feasibility of bringing a civil suit against the manufacturer of a helicopter which crashed somewhere in the Mediterranean Sea causing the death of some or all of the occupants of the aircraft. No such suit has been filed at this time. The plaintiff is simply seeking in this suit access to all of the records pertaining to this accident which the Department of the Navy might have. There are two particular files which the plaintiff seeks. One is known as the Aircraft Accident Report (AAR) and the other is known as the Judge Advocate General Manual Investigation Report (JAG Manual Report). The Department of the Navy has moved for summary judgment in this case and it is that motion which is before the Court. Counsel for both sides have agreed to present this matter to the Court on the record as it stands without oral argument and without the presentation of further evidence. Both sides have filed exhaustive briefs. Now, after due consideration of this record, and of the briefs filed by counsel, the Court concludes that the motion should be granted.

The Department of the Navy contends that the AAR is totally exempt

from disclosure under the exemptions contained in the Freedom of Information Act, 5 U.S.C. § 552. More particularly, the defendant contends that 5 U.S.C. § 552(b)(5), which provides for the exemption from this Act of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," specifically exempts the materials sought by the plaintiff. In addition to this, 32 CFR § 701.-1(h)(4) and (5) specifically provide for the exclusion from the Act of information which the Department of the Navy has received from anyone with the understanding that it will be retained on a privileged or confidential basis, and also provide for the exemption from the Act of internal communications within and among agencies and components. As is pointed out by affidavits of various Navy officials, the purpose of the AAR is not to determine fault for the purpose of any litigation or defense, but it is solely for the purpose of improving the safety factors of airplanes. Everyone who gives information for the AAR is assured by the Navy Department that their information will be held in the strictest of confidence, and they are not required to give their information under oath. Because of these assurances, oftentimes employees of manufacturers will give statements which are adverse to the manufacturers but which result in the Navy Department being able to improve the safety of future aircraft. It is the opinion of the Navy officials that if this assurance were not given, the information necessary to a continued improvement in air safety would be difficult if not impossible to obtain. Consequently, it is the position of the Department of the Navy that the entire AAR is exempt from disclosure because they themselves would be unable to use it in their own defense in view of the assurances given to the persons who supplied information for the makeup of the AAR. It is the opinion of the Court that this entire report is privileged under the provisions of the exemptions to the Freedom of Information Act and under the Code of Federal Regulations issued pursuant thereto.

 As for the JAG Manual Report, the record discloses that the Navy has furnished the plaintiff with all factual matters contained in that report and have simply refused to furnish opinions or conclusions contained therein for inter-office or inter-agency purposes. This Court concludes that that is a sufficient disclosure of the material contained in the JAG Manual Report. For these reasons:

It is ordered that the defendant's motion for summary judgment in this case be, and it is hereby granted, and this case is hereby dismissed.